# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JASON CARTER BETTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-05041-DGK-SSA |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Jason Carter Bettes' applications for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including cervical degenerative changes (status-post fusion), lumbar degenerative changes (status-post laminectomy and fusion), sacroiliac joint degenerative changes, and right shoulder atrophy. But the ALJ found that he retained the residual functional capacity ("RFC") to perform light work with certain restrictions, including work as a checker, router, and furniture rental consultant.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs and SSI on November 29, 2022, alleging a disability onset date of November 5, 2019. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed to an ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's review request on March 24, 2025, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's assessment at Step Four. Plaintiff argues that the ALJ erred by: (1) relying on outdated medical opinions and evidence that had nothing to do with Plaintiff's functioning in the workplace; and (2) discounting Plaintiff's allegations of disabling limitations. The Court addresses each argument in turn.

**I.      The ALJ properly analyzed all the record evidence in formulating the RFC.**

On the first issue, Plaintiff argues that the ALJ did not rely on medical evidence addressing Plaintiff's ability to function in the workplace. More specifically, Plaintiff argues that the ALJ erroneously relied on two non-examining physician opinions that did not have the benefit of later medical evidence showing more limitations. Defendant argues that the ALJ considered all the record evidence, including the evidence that arose after the non-examining opinions were issued.

Plaintiff's argument distorts the record. Plaintiff makes it seem as though the ALJ solely relied on two stale opinions from non-treating sources as the only evidence supporting the RFC. That is not the case. The ALJ wrote a thorough and well-supported RFC analysis that relied on Plaintiff's allegations of disabling limitations, his reports to providers, the objective medical

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

findings from imaging and physical examinations, the infrequent treatment he received, and the medical opinion evidence. R. at 21–24. On the medical opinion evidence, the ALJ carefully reviewed the opinions of the two non-examining physicians and the two treating sources. R. at 23–24. Ultimately, the ALJ credited the non-examining opinions over those of the treating sources because the former were mostly well-supported and consistent with the entire record evidence, while the latter opinions were not. *Id.* Plaintiff does not challenge those findings on appeal. *See* ECF No. 12 at 2. The ALJ also carefully reviewed Plaintiff's pre-surgery and post-surgery medical records, finding that objective medical evidence did not demonstrate disabling limitations. *See* R. at 22–24. For example, even the post-surgery physical examinations and imaging showed rather unremarkable findings. R. at 631, 638, 644, 661–62.

So contrary to Plaintiff's argument, the ALJ had sufficient medical and opinion evidence of Plaintiff's functioning in the workplace. He just did not reach Plaintiff's desired inference from that evidence. And the Court cannot reweigh the evidence to find him disabled. *See Dols v. Saul*, 931 F.3d 741, 746 (8th Cir. 2019). Thus, the Court finds no error here.

## II.   The ALJ did not err in assessing Plaintiff's credibility.

Plaintiff argues that the ALJ erred in how he assessed Plaintiff's credibility. Defendant counters that the ALJ provided valid and well-supported bases for discounting Plaintiff's allegations of disabling limitations.

Defendant is correct. The ALJ found that Plaintiff's allegations of disabling limitations were inconsistent with the fairly normal examination findings, his improvement with treatment, and his activities of daily living. These findings are supported by substantial evidence. R. at 22–23, 276–78, 350–51, 356, 359, 387, 398, 401, 432, 436, 445, 485, 521, 562, 631, 644, 661–62. And they are also valid bases for discounting Plaintiff's credibility. *See Bryant v. Colvin*, 861 F.3d

779, 783 (8th Cir. 2017) (discounting credibility based on inconsistency between medical records and allegations); *Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (discounting credibility based on daily activities); *Wildman v. Astrue*, 596 F.3d 959, 965 (8th Cir. 2010) (discounting credibility based on treatment being effective). Like his first argument, this one also essentially asks the Court to reweigh the evidence and draw Plaintiff's preferred inferences from the record. That it cannot do. *See Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022 ("Despite Schmitt's dissatisfaction with how the ALJ weighed the evidence, it is not this Court's role to reweigh that evidence."). Thus, the Court finds no error on this front either.

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: July 7, 2026      /s/ Greg Kays
               GREG KAYS, JUDGE
               UNITED STATES DISTRICT COURT